**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

ISAAC JOHNSON                                                                                            PETITIONER
Reg. #14427-010

v.                                                 2:23-cv-00049-LPR-JJV

JOHN P. YATES, Warden,
FCI – Forrest City                                                                                       RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

I.      INTRODUCTION

Petitioner Isaac Johnson, an inmate at the Federal Correctional Institution – Forrest City Medium, brings this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.)  He alleges the Bureau of Prisons ("BOP") is improperly refusing to apply time credits he has earned under the First Step Act of 2018, 18 U.S.C. §§ 3631-3635, toward his release to pre-release custody or supervised release.  (*Id*. at 10.)  After careful consideration of Mr. Johnson's Petition as well as the Response (Doc. No. 7), I recommend the Petition be denied.

## II.    ANALYSIS

### A.    Exhaustion of Administrative Remedies

"A prisoner may bring a habeas action challenging the [Bureau of Prisons]'s execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam)).  Respondent John P. Yates, Warden of the Forrest City FCI, contends Mr. Johnson's Petition should be dismissed because he has failed to demonstrate that he presented his claim to the BOP and exhausted it by means of the Administrative Remedy Program.  (Doc. No. 7 at 2.) However, Respondent does not attach any BOP records showing Mr. Johnson's failure to exhaust; instead, Respondent points to Mr. Johnson's failure to provide such records.  Generally speaking, the exhaustion of administrative remedies is an affirmative defense.  *See, e.g.*, *Webb v. Beasley*, No. 2:17-cv-00027-KGB-PSH, 2018 WL 894640, at 1 (E.D. Ark. Feb. 14, 2018) (citing *Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015)).  As such, "the respondent bears the burden of raising and proving the absence of exhaustion." *Id*.  Respondent has not met his burden of proving that Mr. Johnson failed to exhaust his claim; accordingly, I do not recommend dismissal on this basis.

### B.    Merits

Mr. Johnson contends he is entitled to have his earned time credits applied toward his release to pre-release custody or supervised release because the offense he was convicted of is not a disqualifying offense under 18 U.S.C. § 3632(d)(4)(D).  (Doc. No. 1 at 10.)  Section 3632(d)(4)(D) addresses a prisoner's eligibility to receive time credits, but other provisions govern the application of those credits toward pre-release custody or supervised release.  Specifically, the First Step Act explicitly provides that the application of earned time credits is subject to and governed by section 3624(g):

> Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, *as determined under section 3624(g)*, into prerelease custody or supervised release.

18 U.S.C. § 3632(d)(4)(C) (emphasis added).

Under section 3624(g), an eligible prisoner who has earned time credits under the First Step Act must meet certain requirements in order to apply those time credits toward release to pre-release custody or supervised release. Among other things, the prisoner must be assessed as "a minimum or low risk to recidivate" pursuant to the last two reassessments, in the case of pre-release custody, or the last reassessment, in the case of supervised release. 18 U.S.C. § 3624(g)(1)(D).

The record demonstrates that Mr. Johnson has been assessed as a medium or high risk to recidivate in all of his recent reassessments. (Doc. No. 1 at 13.) Therefore, in accordance with section 3624(g), he is not yet eligible to apply his earned time credits toward pre-release custody or supervised release. For this reason, I recommend his Petition for Writ of Habeas Corpus be denied.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Johnson's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DENIED.

DATED this 4th day of May 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE